617 P.2d 38

**In the Matter of the ESTATE of John A. KREBS, Deceased.**

**David L. KREBS, Petitioner/Appellant,**

v.

**Amelia V. KREBS, Personal Representative of the Estate of John A. Krebs, Deceased, Respondent/Appellee.**

**No. 2 CA–CIV 3596.**

Court of Appeals of Arizona, Division 2.

Sept. 18, 1980.

---

**531**

Johnson, Dowdall & Payne by Joseph H. Payne, Tucson, for petitioner/appellant.

Murphy & Hazlett by Howard T. Roberts, Jr., Tucson, for respondent/appellee.

OPINION

HOWARD, Judge.

The issue in this case is whether the failure to give notice of the entry of an order pursuant to A.R.S. Sec. 14–3204 permits the person entitled to the notice to attack the validity of the order.

Appellant is the son of the decedent. He filed a demand of notice pursuant to A.R.S. Sec. 14–3204 which states:

"Any person desiring notice of any order or filing pertaining to a decedent's estate in which he has a financial or property interest may file a demand for notice with the court at any time after the death of the decedent stating the name of the decedent, the nature of his interest in the estate and the demandant's address or that of his attorney. The clerk shall mail a copy of the demand to the personal representative if one has been appointed. After filing of a demand, no order or filing to which the demand relates shall be made or accepted without notice as prescribed by Sec. 14–1401 to the demandant or his attorney. *The validity of an order which is issued or filing which is accepted without compli-*

ance with this order shall not be affected by the error, but the petitioner receiving the order or the person making the filing may be liable for any damage caused by the absence of notice. . . ." (Emphasis added)

Although appellant received notice of the hearing of the petition for approval of the final account and decree of settlement and distribution, he was not notified of the entry of the final order approving the account and decreeing distribution. Thirteen months later he filed a petition to set aside this final order on the ground of lack of notice and sought to attack the valuation of certain property set forth in the final order. He contends the trial court erred in refusing to set aside the final order in that the failure to give notice constitutes a fraud. We do not agree.

A.R.S. Sec. 14–3204 is clear and unequivocal. Appellant may have a claim for relief against the personal representative of the estate for damages but the final order is not affected.[1]

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

1. *In re Estate of Rose*, 108 Ariz. 101, 493 P.2d 112 (1972) cited by appellant is inapposite since it involved notice of a hearing as opposed to notice of an order of filing. We also note that it was decided prior to the enactment of A.R.S. Sec. 14–3204.